1  JEFFREY LEE COSTELL (SBN 93688)
   jlcostell@costell-law.com
2  JOSHUA S. STAMBAUGH (SBN 233834)
   jstambaugh@costell-law.com
3  SARA M. MCDUFFIE (SBN 252187)
   smcduffie@costell-law.com
4  **COSTELL & ADELSON LAW CORPORATION**
   100 Wilshire Blvd., Suite 700
5  Santa Monica, CA 90401
   Telephone: (310) 458-5959
6
   KEITH M. FROMM (SBN 73529)
7  keithfromm@aol.com
   **LAW OFFICES OF KEITH M. FROMM**
8  907 Westwood Blvd., Suite 442
   Los Angeles, CA 90024
9  Telephone: (310) 500-9960

10 Attorneys for Plaintiffs and Petitioners Newcastle
   Courtyards, LLC, and Jonathan Benabou, as Trustee
11 on behalf of The Mani Benabou Family Trust

12             **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14

15 NEWCASTLE COURTYARDS,          **Case No.: 2:23-cv-00104-JAK-AS**
   LLC, a California limited liability
16 company; JONATHAN              **EX PARTE APPLICATION FOR**
   BENABOU, as Trustee on behalf  **ORDER APPROVING FORM OF AND**
17 of THE MANI BENABOU            **PUBLICATION OF SUMMONS;**
   FAMILY TRUST; and ROES 1       **MEMORANDUM OF POINTS AND**
18 through 500,                   **AUTHORITIES AND DECLARATION**
                                  **OF JOHN M. HAYTOL IN SUPPORT**
19                                **THEREOF**
20     Plaintiffs and Petitioners,
21                                *[Filed concurrently with Proposed Order]*
   v.                             Date:
22                                Time:
   CITY OF LOS ANGELES;           Ctrm.:   10B
23 COUNTY OF LOS ANGELES;         Judge:   Hon. John A. Kronstadt
   COUNTY OF LOS ANGELES          Action Filed: January 6, 2023
24 RECORDER'S OFFICE; DOES 1      Trial Date: None Set
   through 500,
25
26     and
27
28

-1-
EX PARTE APPLICATION FOR ORDER APPROVING FORM OF AND PUBLICATION OF SUMMONS

ALL PERSONS INTERESTED IN
THE MATTER of the ULA and all
proceedings related thereto,

    Respondents and Defendants.

## EX PARTE APPLICATION

    Plaintiffs and Petitioners Newcastle Courtyards, LLC, and Jonathan Benabou, as Trustee on behalf of The Mani Benabou Family Trust ("Plaintiffs") hereby apply ex parte for an order approving the form of, and the publication of the summons upon "All Persons Interested in The Matter of the ULA and all proceedings related thereto" a real property transfer tax.

    This ex parte application is made pursuant to *Fed. R. Civ. P*. Rule 4(e)(1), which allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Cal. Code Civ. Proc.* § 860 et seq. This application is made on the grounds that, as this suit includes a "reverse validation" action, *Cal. Government Code* section 50077.5 requires Plaintiffs' lawsuit to be brought as a reverse validation action against "all persons" pursuant to *Cal. Code Civ. Proc.* section 860 et seq. "All Persons Interested" must be specially notified per *Cal. Code Civ. Proc.* section 861, 861.1, and 863, which require specific additional language, a specific time for response based on the publication dates and, thus, a modified Summons. This is the same procedure which occurs in state court for issuance of a reverse validation summons for publication.

    Good cause exists to grant the relief sought on an ex parte basis because there is insufficient time for a regularly noticed motion to be heard and decided before Plaintiffs must publish the Summons. Pursuant to *Cal. Code Civ. Proc.* § 860 et seq., Plaintiffs are required to publish the Summons in a newspaper of general circulation once a week for three successive weeks and then file a proof of publication within 60 days after the initial

complaint was filed. Because this action was filed on January 6, 2023, Plaintiff must file the proof of publication by March 7, 2023. As such, Plaintiffs will need to obtain an order for publication well before that date in order to effectuate the three-week publication and obtain a proof from the publisher. In light of this impending deadline, there is insufficient time to proceed by noticed motion and ex parte relief is therefore appropriate. In addition the state statute, *Cal. Code Civ. Proc*. Section 415.5, requires Court approval to serve a summons by publication, and that the party "All Persons Interested" cannot be served by other means.

Plaintiffs' application is based on this Ex Parte Application and the accompanying Memorandum of Points and Authorities, the supporting Declaration of John M. Haytol, the proposed Summons attached to the Proposed Order as Exhibit A, and such other or further evidence and argument that may be presented at the time of the hearing on this application.

Respectfully submitted,

DATED:  February 10, 2023          COSTELL & ADELSON LAW CORPORATION

By: _____
          Jeffrey Lee Costell
          Joshua S. Stambaugh
          Sara M. McDuffie
          Attorneys for Plaintiffs and Petitioners

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Plaintiffs filed this Complaint on January 6, 2023 to, *inter alia*, invalidate Measure ULA. Known as the "Initiative Ordinance ULA," Measure ULA of the November 8, 2022, ballot received 57.77% voter approval. Defendant City of Los Angeles declared Measure ULA approved by the voters on December 7, 2022 and is poised to impose its tax beginning on April 1, 2023. However, Measure ULA proposed a special transfer tax, which is not allowed under article XIIIA, section 4 of the California Constitution and Los Angeles City Charter section 450. Additionally, Measure ULA imposes a special transfer tax on the "gross proceeds" of sales of properties, rather than net income or profits, based upon false and misleading contentions by the proponents of Measure ULA that only "millionaires and billionaires" would pay the tax. As such, the ULA special transfer tax violates the 14th Amendment of the U.S. Constitution and the corresponding provision of the California Constitution. Plaintiffs also contend that the ULA special transfer tax also violates other provisions of both the State and Federal Constitutions, including, but not limited to, the 5th Amendment, 1st Amendment, and Article 1, Section 10 of the U.S. Constitution, as set forth in the Complaint.

### ARGUMENT

#### A.  Seeking an Order Ex Parte is Appropriate

*Cal. Government Code* section 50077.5 provides, "Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure applies to any judicial action or proceeding to validate, attack, review, set aside, void, or annul an ordinance or resolution approved by the voters…that levies a special tax." Since the "Initiative Ordinance ULA" is a special tax, *Cal. Code Civ. Proc.* sections 860 *et seq*. apply to this "reverse validation" action.

Pursuant to *Fed. R. Civ. P.* Rule 4(e)(1), Plaintiffs are allowed to utilize the state procedures to effect service by publication upon "All Persons Interested" under California law and to utilize the specific required language within that proposed Summons.

*Code Civ. Proc.* Section 861 provides that, "[j]urisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code in a newspaper of general circulation designated by the court, published in the county where the action is pending and whenever possible within the boundaries of the public agency." Section 861.1 requires that "[t]he summons shall be directed to 'all persons interested in the matter of [specifying the matter].'" *Cal. Government Code* Section 6063 requires publication once a week for three weeks.

Section 863 provides that, "[i]n any such action the summons shall be in the form prescribed in section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall also be directed to the public agency."

By statute, then, there is insufficient time to request approval of the form of and publication of the summons required by this case using a regular noticed motion. Plaintiffs must have time to contact the newspaper of general circulation once that selection is approved by the court, and to schedule publication of the summons in the "legal notices" section of the newspaper, to allow three weeks for publication, to obtain from the newspaper a "proof of publication" and to file that proof with this court within the 60-day time limit.

**B.**   ***The Proposed Form of Publication Satisfies the Statute.***

As stated in 5 Phillips, et al. <u>Federal Civil Procedure Before Trial</u> ¶5:17.9 (2022) "The notice to defendant must be in compliance with the service method utilized (e.g., notifying defendant how many days thereafter defendant must appear in the action)." The Summons attached as **Exhibit A** to the Proposed Order complies with the service method and procedure required by *Code Civ. Proc.* sections 861, 861.1, and 863.

*Code Civ. Proc* Section 861 requires publication in "a newspaper of general circulation…published in the county where the action is pending and whenever possible within the boundaries of the public agency."   In this case, the Metropolitan News-Enterprise is a newspaper of general circulation covering the county where the action is pending and is within the boundaries of the public agency.

Section 861.1 requires that except as stated in 861.1, "the summons shall be in the form prescribed in Section 412.20."

Section 412.20 requires the summons to include the following:

(1)    The title of the court in which the action is pending.

(2)    The names of the parties to the action.

(3)    A direction that, to be heard, the defendant must file a written response to the complaint within the time specified. (<u>Section 861.1, in turn, provides that the time to respond "shall be 10 or more days after the completion of publication of the summons.</u>")

(4)    A notice that, unless the defendant so responds, his or her default will be entered upon application by the plaintiff, and the plaintiff may apply to the court for the relief demanded in the complaint, which could result in garnishment of wages, taking of money or property, or other relief. (Section 861.1, however, requires the summons to state that "persons who contest the legality or validity of the matter will not be subject to punitive action, such as wage garnishment or seizure of their real or personal property".)

(5)    The following statement in boldface type:  "You may seek the advice of an attorney in any matter connected with the complaint or this summons.  Such attorney should be consulted promptly so that your pleading may be filed or entered within the time required by this summons."

(6)    The following introductory legend at the top of the summons, in boldface type, in English and Spanish: "Notice!  You have been sued.  The court may decide against you without your being heard unless you respond not later than March 17, 2023, which is at least ten (10) days after completion of this summons. Read the information below."

The summons in this case must also state an exact date by which any interested person must respond, "which date shall be 10 or more days after the completion of publication of the summons." (*Cal. Code Civ. Proc*. Section 861.1).  Plaintiffs have determined that March 17, 2023, is at least 10 days after the completion date, and have listed that response date in the proposed Summons.

The summons attached as **Exhibit A** to the proposed order meets all of the above requirements of section 412.20 as modified by section 861.1 for reverse validation actions under California law, and also complies with the requirements of *Fed. R. Civ. P.* Rule 4(a).

## CONCLUSION

To allow sufficient time for court approval of the form of and publication of summons, publication of the summons per *Cal. Government Code* section 6063 and *Code Civ. Proc.* section 861.1, and filing proof of publication within the 60-day statutory time limit prescribed by *Cal Code Civ. Proc.* section 863, this ex parte application is necessary in order to promptly notify All Persons Interested in Measure ULA, known as "Initiative Ordinance ULA," and to avoid the injury to plaintiffs of losing access to judicial review on multiple state and U.S. constitutional law claims.

Accordingly, Plaintiffs request that this ex parte application for approval be granted. Respectfully submitted,

DATED:  February 10, 2023           COSTELL & ADELSON LAW CORPORATION

By: _____
        Jeffrey Lee Costell
        Joshua S. Stambaugh
        Sara M. McDuffie
      Attorneys for Plaintiffs and Petitioners

## DECLARATION OF JOHN M. HAYTOL

I, John M. Haytol, hereby declare as follows:

1.      I am an attorney with the law firm Costell & Adelson Law Corporation, attorneys of record in this action for Plaintiffs and Petitioners Newcastle Courtyards, LLC, and Jonathan Benabou, as Trustee on behalf of The Mani Benabou Family Trust ("Plaintiffs"). I know the following of my own personal knowledge, and if called as a witness, I could and would competently testify thereto under oath.

2.      This action was filed on January 6, 2023 by filing a complaint, which included a reverse validation action pursuant to *Cal. Code Civ. Proc.* §§ 860 et seq. In order to comply with the service requirements of *Cal. Code Civ. Proc.* §§ 860 et seq., Plaintiff is required to publish the Summons in a newspaper of general circulation once a week for three successive weeks pursuant to *Cal. Government Code* § 6063 and then file a proof of publication within 60 days after filing the complaint. To meet this deadline, Plaintiff must obtain an order for publication of the Summons as soon as possible and begin publication of the Summons. As Plaintiffs have just filed an amended complaint, there is insufficient time to bring a regularly noticed motion to comply with the relevant deadlines.

3.      Because this case involves a reverse validation action, the Summons must comply with the requirements of *Cal. Code Civ. Proc.* § 861.1 which differ from the regular California Judicial Council form Summons (SUM-100) and the Federal Rule 4 form (AO-440). Accordingly Plaintiff, by this ex parte application, seeks an order granting service by publication under *Cal. Code Civ. Proc*. Section 415.50 and approval of the proposed form of published summons.

4.      A true and correct copy of the proposed summons by publication is attached to the accompanying Proposed Order as **Exhibit A** and incorporated herein by reference. As noted in the proposed Summons, the date for response is March 17, 2023, a date more than ten (10) days after the expected completion of publication.

5.      I visited the website of the Metropolitan News-Enterprise and found that it is a daily legal newspaper that has been in circulation for 121 years.  I also visited the Los Angeles County Clerk's website at https://www.lavote.gov/home/county-clerk/fictitious-business-names/publication and found that the Metropolitan News-Enterprise is listed among the accepted and adjudicated newspapers of general circulation.  Accordingly, it should provide notice to "All Persons Interested in the Matter of the ULA and all proceedings related thereto."

**6.**      On February 10, 2023, at 4:57 p.m., I sent an email to Dan Whitley, Deputy City Attorney, (213) 978-7786, daniel.whitley@lacity.org, who had previously informed that his office was handling this matter, informing Mr. Whitley of this ex parte application and the requested relief. As of time this Application was filed, I received a response from Mr. Whitley, but he did not indicate any opposition to the application or the requested relief. A true and correct copy of that email exchange is attached hereto as **Exhibit 1** and incorporated herein by reference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed in Santa Monica, California on February 10, 2023.

_____
John M. Haytol

EX PARTE APPLICATION FOR ORDER APPROVING FORM OF AND PUBLICATION OF SUMMONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

EX PARTE APPLICATION FOR ORDER APPROVING FORM OF AND PUBLICATION OF SUMMONS

**Re: Ex parte application for approval of and publication of summons in Federal action**

John Haytol <jhaytol@costell-law.com>

Fri 2/10/2023 5:28 PM

To: Dan Whitley <daniel.whitley@lacity.org>;Castella, J. Leah <LCastella@bwslaw.com>;Siegel, Kevin D. <KSiegel@bwslaw.com>

I don't know if Jeff mentioned that we were filing an amended federal complaint and petition, that was filed earlier today; that complaint will be served. Do you have any opposition to the requested relief?

thanks, best, John Haytol

---

**From:** Dan Whitley <daniel.whitley@lacity.org>
**Sent:** Friday, February 10, 2023 4:59 PM
**To:** Castella, J. Leah <LCastella@bwslaw.com>; John Haytol <jhaytol@costell-law.com>; Siegel, Kevin D. <KSiegel@bwslaw.com>
**Subject:** Re: Ex parte application for approval of and publication of summons in Federal action

Thank you for letting me know. I look forward into seeing the pleadings!

On Fri, Feb 10, 2023 at 4:57 PM John Haytol <jhaytol@costell-law.com> wrote:

Mr. Whitley, good afternoon, hope all is well.

I know that you indicated that the City is in the process of obtaining outside counsel, and you are handling this case at least for the moment.

I am writing to inform you that our clients, Newcastle Courtyards, LLC, et al. will apply ex parte to the Hon. John Kronstadt, USDJ, for an order approving the form and publication of summons. This is per FRCP Rule 4(e)(1) and Code of Civil Procedure sections 861, 861.1 and 863, as the special summons must be published three times in a newspaper of general circulation pursuant to Govt. Code section 6063.

I expect to have the papers filed shortly and will copy you once filed.

Please contact me through this email with your response. Thank you for your time and courtesy in this regard, best, John Haytol

--
Daniel M. Whitley
Deputy City Attorney
Public Finance/Economic Development
Tel: (213) 978-7786
Fax: (213) 978-7811

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
***************************************************************